UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

VERNON G. CANNON,

        Plaintiff,

vs.

SGT. WILSON, et. al.,

        Defendants.

                              /

No. C 12-5900 PJH (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, an inmate at Napa State Hospital, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

**DISCUSSION**

**A.    Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff was transferred to Napa State Hospital and placed in a behavioral management cell due to his high risk of fire setting, by the jail classification committee. Plaintiff was in this cell for approximately four months and was transferred to a different type of cell as he was doing well.  A few days later plaintiff told custody staff that he was feeling like setting a fire in his cell so defendant Wilson turned off the electrical power to plaintiff's cell to prevent him from having an ignition source.  The power was off for a day when defendant Gross asked plaintiff if it would be safe to turn the electricity back on. Plaintiff replied that it would be safe and he would tell custody staff if he felt like starting a fire again.  Five days later plaintiff was feeling like setting a fire so he asked Wilson to tell a mental health official that he would like to talk to them.  It is not clear from plaintiff's complaint if he told Wilson that he felt like setting a fire.  A mental health official came to plaintiff's cell and asked if it was an emergency or if it could wait until later.  Plaintiff stated it could wait until later, and the official would return at 7:00 pm on that day.  By 8:30 pm the

mental health official had not returned and another custody official told plaintiff that the mental health official was gone for the day. At 9:30 pm, plaintiff set himself and his cell on fire causing injuries to himself.

Plaintiff states he is suing Wilson and Gross in their individual and official capacities. However, based on the allegations in the complaint, it is not clear how these defendants are responsible for plaintiff's injuries. According to plaintiff, these defendants promptly responded to plaintiff's mental health needs whether it was the conditions of his cell or by seeking help from a medical official. Plaintiff has failed to present allegations showing that these defendants were deliberately indifferent to plaintiff's medical needs or in their failure to protect him from himself. To the extent plaintiff has named these defendants based on his cell placement, he has not shown that these defendants were responsible for his cell classification or were even on the jail classification committee. While it is possible the mental health official could be liable, plaintiff has not named this individual as a defendant nor has plaintiff provided sufficient allegations to demonstrate liability on her behalf. Plaintiff will be provided an opportunity to amend.

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended complaint must be filed no later than **February 4, 2013**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of these claims.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to

Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: January 4, 2013.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.12\Cannon5900.dwlta.wpd